## Crawford-Chesterfield Co., et al. v. Snook:

(Decided January 16, 1912.)

### Appeal from Shelby Circuit Court

Commissions—Sale of Land—Evidence—Question for Jury.—In an action to recover a certain sum alleged to be due as commission for the sale of real estate, there was some conflict as to whether S who was sued, was acting for himself, or the plaintiffs, but this question was left to the jury which decided that he was acting for himself in the matter, and an examination of the evidence shows that it preponderates in his favor.

C. G. BARRICKMAN and RALPH GILBERT for appellant.

E. B. BEARD and P. J. BEARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment for $300 in favor of appellee. Appellants, Mary Knight Sheely and Crawford-Chesterfield Company, a corporation, claim that this sum should be paid to the company as its commission on a sale of certain real estate. Mrs. Sheely answered admitting that she owed the amount of the judgment to either the company or Snook. The testimony presents

the following state of facts. Mrs. Sheely had a farm worth about $15,000 which she desired to sell, and her husband, for her, placed it in the hands of Holmes & Snook, real estate agents, in the fall of 1910. Snook started negotiations for a trade between Mrs. Sheely and one Weakley, who eventually purchased the farm. Holmes & Snook remained partners in the real estate business until about December 1, 1910, at which time Snook became a partner of Chesterfield, now a member of appellant company, and they remained partners until some time in January, 1911, when appellant corporation was formed on January 17, 1911. Chesterfield and this corporation had a written proposition from Mrs. Sheely to sell the land, but it expired January 27, 1911. There is some conflict in the testimony given by Chesterfield & Snook as to whether Snook was interested in the corporation. Chesterfield claimed that he was and Snook denied it and claimed that he tried to obtain an interest in it but was not allowed to, and that on January 18, 1911, he became a partner with Hutchison & Nicholson in the real estate business. The Sheely property had not been disposed of at that time, but the negotiations between Mrs. Sheely and Weakley were still in progress, and Snook testified that as he had brought Mrs. Sheely and Weakley together for the purpose of making the sale, and that as he had done most of the work, that he felt like in all fairness that in case Crawford-Chesterfield Co. completed that sale, they ought to allow him a part of the commission, and that he, therefore, went to the company's office and obtained a writing which is as follows:

"Louisville, Ky., 1-19-1911.

"In the event we sell the Mrs. Dr. Sheely farm in Shelby County, Ky., to James Wheatley, we hereby agree to pay W. B. Snook a commission of 43 1-3 per cent. of gross commissions received for the sale of same on the basis of $300 for farm.

"THE CRAWFORD-CHESTERFIELD Co.,
"By C. K. CRAWFORD."

Snook stated that when he asked for the writing he gave his reasons for wanting it and Chesterfield refused to sign it, but Crawford did sign it. It is agreed that Wheatley purchased the land from Mrs. Sheely and obtained a deed about the last of February, 1911; that Snook was present when the deed was made, and he had

continued his efforts up to that time to bring the parties to an agreement, and had been assisted by Chesterfield during the time they were partners. It is also shown that appellant corporation was also endeavoring to bring the parties to an agreement down to the time the sale was made.

The court gave the following instructions:

"1. If the jury believe from the evidence that the plaintiff, Walker B. Snook, found a purchaser for the farm of the defendant, Mary K. Sheely, at a price accepted by her, they should find for the plaintiff the sum of $300.

"2. Although the jury believe from the evidence that the plaintiff, Walker B. Snook, found the purchaser for the Sheely farm, acceptance to Mrs. Sheely, yet if they further believe from the evidence that at the time he did so consummate the sale, the plaintiff was then in the employ of or acting for the defendant, Crawford-Chesterfield Co., then they will find for the defendant, Crawford-Chesterfield Co., the sum of $300."

The testimony, without contradiction, shows that appellee consummated the trade between Mrs. Sheely and Weakley by his own efforts. There is some conflict in the testimony as to the question whether he was acting for himself or for the Crawford-Chesterfield Co., but this question was left to the jury and we are of the opinion that the jury was authorized to find that Snook was acting for himself in the matter. The facts rather preponderate in his favor. The writing signed by Crawford-Chesterfield Co. on January 19, two days after the formation of the corporation and one day after Snook formed a partnership with Hutchison & Nicholson, rather sustains the theory that Snook performed nearly all the work in bringing the trade to a close and that he obtained the writing from the company so that he would obtain a sum which was in all fairness due him should the company succeed in consummating the deal. The writing started off by saying, "In the event we sell," referring to the company, then continued by stating it would give appellee a certain per cent. of the commissions.

There is no material difference between instruction No. 2, given by the court and instruction "B," offered by appellant. The court told the jury that if at the time appellee consummated the sale he was in the employ of or acting for the defendant company, then they would find against him. The refused instruction said that if at

the time of the sale to Weakley, Snook was acting as the agent of Chesterfield or the company they would find against him. There was no testimony that Snook was acting for Chesterfield at the time the sale was consummated; if he was acting for any one other than himself it was for the company.

In our opinion appellant had a reasonably fair trial and the judgment is affirmed.